Gonzalez v. Kijakazi

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of June, two thousand twenty-two.

PRESENT: Pierre N. Leval,
Barrington D. Parker,
Steven J. Menashi,
*Circuit Judges*.

———————————————————————

HECTOR GONZALEZ,
*Plaintiff-Appellant*,

v.                                                                No. 21-1449

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,
*Defendant-Appellee*.

———————————————————————

For Plaintiff-Appellant:          HECTOR GONZALEZ, pro se, Brooklyn, NY.

For Defendant-Appellee:  FRANK D. TANKARD, Special Assistant U.S. Attorney, Kansas City, MO (Lisa A. Thomas, Chief Counsel, Region VII, *on the brief*), *for* Breon Peace, U.S. Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Cogan, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Hector Gonzalez, proceeding pro se, sought review of the decision by an Administrative Law Judge ("ALJ") that he was ineligible to receive Supplemental Security Income benefits because his assets exceeded the limit for eligibility purposes. However, instead of challenging the ALJ's decision by seeking review by the Appeals Council within 60 days, Gonzalez commenced a review proceeding in district court over six months later. The district court granted the motion to dismiss filed by the Commissioner of Social Security ("Commissioner") for failure to exhaust administrative remedies, and Gonzalez appeals. We assume

the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Pursuant to 42 U.S.C. § 405(g), an individual must obtain a "final decision of the Commissioner of Social Security" before a district court may review a Social Security benefits determination. The "final decision" requirement has two components: (1) a jurisdictional, non-waivable requirement that a claim for benefits has been presented to the agency, and (2) a waivable requirement that the administrative remedies prescribed by the Commissioner have been exhausted. *See Bowen v. City of New York*, 476 U.S. 467, 483 (1986); *Mathews v. Eldridge*, 424 U.S. 319, 328 (1976). The Commissioner has devised a four-step process by which a claimant must exhaust administrative remedies before proceeding to federal court. First, a claimant files an application for benefits and receives an initial determination. 20 C.F.R. § 404.902. Second, if a claimant is dissatisfied with the initial determination, he may seek reconsideration by filing a written request within 60 days. 20 C.F.R. §§ 404.907, 404.909(a)(1). The reconsideration determination is binding unless a claimant requests a hearing before an ALJ within 60 days of receiving notice of the reconsideration determination. 20 C.F.R.

3

§§ 404.921(a), 404.933(b)(1). If the claimant is dissatisfied with the ALJ's hearing decision, he may request review by the Appeals Council within 60 days of receiving notice of the hearing decision. 20 C.F.R. §§ 404.967, 404.968(a)(1). A claimant may seek an extension of time of any of these deadlines by showing good cause. 20 C.F.R. §§ 404.909(b), 404.933(c), 404.968(b). The Appeals Council's decision is a final decision of the Commissioner, and a claimant may therefore seek judicial review of that decision in district court. *See Califano v. Sanders*, 430 U.S. 99, 101-02 (1977); 20 C.F.R. § 404.981.

Gonzalez failed to exhaust his administrative remedies. There is no dispute that Gonzalez presented a claim to the Commissioner. However, he did not complete the multi-step process for exhausting his administrative remedies. He did not appeal the ALJ's adverse ruling to the Appeals Council. Instead, he filed a lawsuit in federal court more than six months after receiving the ALJ's decision. By failing to appeal to the Appeals Council, Gonzalez failed to exhaust the remedies prescribed by the Commissioner.

The district court should not have excused Gonzalez's failure to exhaust administrative remedies. "Exhaustion is the rule, waiver the exception." *Abbey v.*

4

*Sullivan*, 978 F.2d 37, 44 (2d Cir. 1992). The criteria for judicially waiving the exhaustion requirement are: "(1) whether the claim is collateral to a demand for benefits; (2) whether exhaustion would be futile; and (3) whether the plaintiffs would suffer irreparable harm if required to exhaust their administrative remedies before obtaining relief." *Id.*

Gonzalez did not show that he warranted waiver of the exhaustion requirement. The claim here was not collateral because it was a demand for benefits and required investigation into Gonzalez's assets. Gonzalez did not demonstrate that exhaustion would be futile or would result in irreparable harm that could not be cured by a later award of benefits. *See Coleman v. Newburgh Enlarged Cty. Sch. Dist.*, 503 F.3d 198, 205 (2d Cir. 2007) ("To show futility, a plaintiff must demonstrate that adequate remedies are not reasonably available or that the wrongs alleged could not or would not have been corrected by resort to the administrative hearing process.") (internal quotation marks omitted); *Smith v. Schweiker*, 709 F.2d 777, 780 (2d Cir. 1983) ("A waiver of the exhaustion requirement may be inferred … where the harm suffered in the interim would be irreparable in the sense that no *post hoc* relief would be adequate."). Thus, waiver

5

of the exhaustion requirement was not warranted.

We have considered all of Gonzalez's remaining arguments, which are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court